1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  United States of America, | No. 2:15-CR-00130-KJM |
| 12                    Plaintiff, | ORDER |
| 13       v. | |
| 14  William Morgan Banks, | |
| 15                    Defendant. | |

16

17         Defendant William Morgan Banks seeks to reduce his sentence under 18 U.S.C §

18   3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing

19   Guidelines.  For the reasons set forth below, the court **denies** defendant's motion.

20   **I.        BACKGROUND**

21         On March 23, 2018, subject to a written plea agreement, defendant pled guilty to sex

22   trafficking of children in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2).  Plea Hr'g Mins., ECF No.

23   58; Plea Agreement, ECF No. 61.  The probation officer then prepared a presentence

24   investigation report (PSR) and found defendant's total offense level was 33.  PSR ¶ 28, ECF No.

25   64 (under seal).  The probation officer assigned defendant 12 criminal history points based on

26   prior criminal convictions and added two points under U.S.S.G. § 4A1.1(d), because the instant

27   offense was committed while defendant was under a criminal justice sentence.  *Id.* ¶¶ 39–40.

28   This resulted in a total criminal history score of 14 and a criminal history category of VI.  *Id.*

1

1    ¶¶ 41–42.  The court adopted the PSR without making any changes and sentenced defendant to a

2    custodial term of 188 months.  J. and Commitment at 2, ECF No. 69; Sent'g Min., ECF No. 70.

3        Defendant now seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2) given the recent

4    retroactive amendments to the U.S. Sentencing Guidelines.  Mot., ECF No. 73.  The court

5    referred the motion to the Office of the Federal Defender (FDO) as provided by General Order

6    670.  Min. Order (Feb. 5, 2024), ECF No. 75.  The FDO then filed a notice of non-representation.

7    Not., ECF No. 76.  The United States filed an opposition, Opp'n, ECF No. 77, and defendant did

8    not reply.

9    **II.    LEGAL STANDARD**

10       Generally, a federal court "may not modify a term of imprisonment once it has been

11   imposed."  18 U.S.C. § 3582(c).  However, exceptions to this rule apply, including:

12           [I]n the case of a defendant who has been sentenced to a term of
13           imprisonment based on a sentencing range that has subsequently
14           been lowered by the Sentencing Commission pursuant to 28 U.S.C.
15           § 994(o), upon motion of the defendant or the Director of the Bureau
16           of Prisons, or on its own motion, the court may reduce the term of
17           imprisonment, after considering the factors set forth in section
18           3553(a) to the extent that they are applicable, if such a reduction is
19           consistent with applicable policy statements issued by the Sentencing
20           Commission.

21   18 U.S.C § 3582(c)(2).

22       Section 3582(c)(2) requires the court to engage in a two-step inquiry.  *United States v.*

23   *Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827

24   (2010)).  "First, a district court must determine whether a prisoner is eligible for a sentence

25   modification under the Commission's policy statement in U.S.S.G § 1B1.10."  *Id.*  (citing *Dillon*,

26   560 U.S. at 827).  This is done by "determin[ing] the amended guideline range that would have

27   been applicable to the defendant had the relevant amendment been in effect at the time of the

28   initial sentencing."  *Dillon*, 560 U.S. at 827 (alteration in original) (citation and quotation marks

29   omitted).  Second, the court "consider[s] any applicable § 3553(a) factors and determine[s]

30   whether, in its discretion, the reduction authorized by reference to the policies relevant at step one

31   is warranted in whole or in part under the particular circumstances of the case."  *Id.*

2

1    **III.    ANALYSIS**

2        Defendant contends he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2)

3    due to the retroactive nature of Amendment 821.  Mot. at 1.  The government agrees Amendment

4    821 applies retroactively but argues application of Amendment 821 does not lower defendant's

5    guideline range, and so defendant is ineligible for a sentence reduction.  Opp'n at 3–4.

6        To determine whether a reduction is appropriate, the court must first determine whether

7    defendant is eligible.  *See Dunn*, 728 F.3d at 1155.  Amendment 821 modifies the U.S.

8    Sentencing Guidelines retroactively to reduce the number of "status points" assigned to

9    defendants who "committed the instant offense while under any criminal justice sentence," from

10    two points to one.  *See* U.S.S.G. § 4A1.1(e) (2023); Sentencing Guidelines for the United States

11    Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821, pt. A.[1]

12        Defendant's criminal history category VI was based on an offense level of 33 and 14 total

13    criminal history points, two of which were status points.  PSR ¶¶ 28, 39–42.  Amendment 821

14    lowers defendant's criminal history score to 13.  U.S.S.G. Amend. 821, pt. A; U.S.S.G. §

15    4A1.1(e) (2023).  However, this does not change defendant's criminal history category nor the

16    guideline range.  U.S.S.G. ch. 5, pt. A (Sentencing Table).  U.S.S.G § 1B1.10 provides "[a]

17    reduction in the defendant's term of imprisonment is not . . . authorized under 18 U.S.C. §

18    3582(c)(2) if . . . (B) [a]n amendment listed in subsection (d) does not have the effect of lowering

19    the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).  Subsection (d) includes

20    the relevant amendment at issue here.  U.S.S.G. § 1B1.10(d).  Because Amendment 821 would

21    not lower defendant's guideline range, defendant is not eligible for a sentence reduction under

22    18 U.S.C. § 3582(c)(2).  The court need not reach defendant's additional arguments.  *See, e.g.*,

23    *United States v. Cruz*, No. 22-00389, 2024 WL 1607039, at *2 (N.D. Cal. Apr. 11, 2024).

24    **IV.    CONCLUSION**

25        For the reasons set forth above, the court **denies** defendant's motion to reduce his sentence

26    under 18 U.S.C § 3582(c)(2).

---

[1] United States Sentencing Commission, Amendment 821, U.S.S.C.,
https://www.ussc.gov/guidelines/amendment/821 (last visited May 2, 2024).

1    This order resolves ECF No. 73.

2        IT IS SO ORDERED.

3    DATED:  May 2, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE